Appeal Dismissed and
Memorandum Opinion filed March 8, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01038-CV

____________

 

ERNESTINE JIMENEZ LEWIS, Appellant

 

V.

 

RICHARD JACK LEWIS, Appellee

 



On Appeal from the 245th District Court


Harris County, Texas

Trial Court Cause No. 2006-52042



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed August 20,
2008.  Appellant=s notice of appeal was filed October 31, 2008.  Appellee
filed a motion to dismiss the appeal for want of jurisdiction because no motion
for new trial was timely filed.  Appellant alleged a motion for new trial was
filed on September 5, 2008.  We ordered a supplemental clerk’s record
containing the motion for new trial.  See Tex. R. App. P. 34.5(c)(1). 
The district clerk filed a supplemental clerk’s record certifying that no
motion for new trial was filed.  We granted appellee’s motion and dismissed the
appeal.  

On rehearing, appellant reasserted her claim that a motion
for new trial was timely filed on September 5, 2008.  We granted appellant’s
motion, withdrew our opinion, and reinstated the appeal.  The appeal was then
abated for the trial court to determine whether a motion for new trial was
timely filed and, if so, whether it had been lost or destroyed.  See Tex.
R. App. P. 34.5(e).  The trial court conducted a hearing and entered findings
of fact.  The trial court found there was no evidence that a motion for new
trial was filed pursuant to local rules on or about September 5, 2008.

Appellant has also argued that a motion for reconsideration
filed July 25, 2008, should operate as a prematurely filed motion for new trial
and extend the appellate timetables.  The July 25, 2008 motion is in the record
before this court and is a motion to reconsider the arbitration award.  We do
not dispute that a motion to reconsider is the same as a motion for new trial,
or that a motion for new trial filed before the judgment is signed is a timely
motion.  However, this appeal is from the trial court’s judgment, not the
arbitrator’s award.  The record before this court does not contain any motion challenging
the trial court’s judgment.  

Accordingly, the record reflects the
notice of appeal was not timely filed.  The judgment was signed on August 20,
2008.  No motion for new trial was filed.  The notice of appeal must be filed
within thirty days after the judgment is signed when appellant has not filed a
timely motion for new trial, motion to modify the judgment, motion to reinstate,
or request for findings of fact and conclusion of law.  See Tex. R. App.
P. 26.1.  The notice of appeal
was not filed until October 31, 2008.  A motion for extension of time is
necessarily implied when an appellant, acting in good faith, files a notice of
appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace
period provided by Rule 26.3 for filing a motion for extension of time.  See
Verburgt v. Dorner, 959 S.W.2d 615, 617-18 (1997) (construing the
predecessor to Rule 26).  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

For these reasons, we order the appeal dismissed.

PER CURIAM

Panel consists of Justices
Brown, Christopher, and Jamison.